UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETHROD DUNNIGAN,

        Plaintiff,

   v.

WARDEN DAVID E. ORTIZ, et al.,

        Defendants.

Civil Action
No. 23-2266 (CPO) (SAK)

**OPINION**

**O'HEARN, District Judge.**

    Before the Court is Plaintiff's Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.)  On October 19, 2023, the Court ordered Plaintiff to show cause as to why the Court should not dismiss this matter, as it appeared from the face of the Complaint that the statute of limitations bars his federal claims. (ECF No. 10.)  Plaintiff did not respond to the Court's Order.  For the reasons below, the Court will dismiss Plaintiff's federal claims as time barred.

    Ordinarily, "the running of the statute of limitations is . . . an affirmative defense, [but] where that defense is obvious from the face of the complaint . . . a court may dismiss a time-barred complaint *sua sponte* . . . for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013).  Our jurisprudence takes the statute of limitations for a *Bivens* claim from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) (per curiam).  New Jersey's statute of limitations for personal injury actions is two years. *See* N.J. Stat. § 2A:14–2.  "While state law provides the applicable statute of limitations, federal law controls when a *Bivens* claim accrues." *Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  Under federal law, a *Bivens* claims accrues when a plaintiff knows of or has reason to know of the injury, "not upon awareness that this injury

constitutes a legal wrong." *Hilton v. Kronenfeld*, No. 04-6420, 2008 WL 305276, at *7 (D.N.J. Jan. 29, 2008); *see also Hughes*, 341 F. App'x at 752.

More specifically, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F.Supp.2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012); *see also e.g.*, *Byrd v. Finley*, No. 19-6879, 2023 WL 1420445, at *6 (D.N.J. Jan. 31, 2023). However, the rule of accrual "does not require that a plaintiff have identified every party who may be liable on [the] claim." *Graff v. Kohlman*, 28 F. App'x 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)). The inquiry is an objective one and does not ask "what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.*

Here, Plaintiff appears to raise Eighth Amendment conditions of confinement claims. (*See* ECF No. 1, at 6–7.) The Eighth Amendment prohibits conditions which deny "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S 337, 347 (1981)). To state a conditions of confinement claim, the plaintiff must plead both an objective component, that the conditions denied him the minimal measures of life's necessities, and a subjective component, that the defendants acted with deliberate indifference to those conditions. *Wilson*, 501 U.S. at 298–303; *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Applying those principles, assuming *arguendo* that Plaintiff had otherwise valid *Bivens* claims, every event in the Complaint appears to have taken place during February of 2021, or some

point earlier. (*See* ECF No. 1, at 5–6).  Plaintiff alleges that in October of 2020, Defendant Ortiz, and the John Doe Defendants (staff members), failed to quarantine a busload of new inmates who were infected with COVID-19. (*Id.*)  Plaintiff submitted a formal grievance regarding the infected inmates on November 1, 2020. (ECF No. 1-2, at 4.)   As a result of Defendants' failures, Plaintiff contends that he became infected with the virus "on or about" February of 2021, and suffered severe symptoms. (ECF No. 1, at 6.)

Plainly, Plaintiff suffered a noticeable harm in February of 2021, when he contracted the virus and suffered severe symptoms. (*Id.*)  Next, his formal grievance shows that he believed that Defendants were responsible for placing him at risk for contracting the virus, as early as November 1, 2020. (ECF No. 1-2, at 4.)  As a result, assuming Plaintiff had facts to plead the remaining elements of his *Bivens* claims, he knew or should have known of his injuries, their connection to the Defendants, and had complete causes of action, *at the latest*, by the end of February of 2021. (ECF No. 1, at 6.)  Consequently, the statute of limitations on these claims began to run at the latest, on February 28, 2021, and expired two years later on February 28, 2023.

Absent tolling, because Plaintiff did not file the instant Complaint until April 15, 2023, (*see id*. at 10), the statute of limitations bars these claims.  Certain statutes and doctrines might have allowed the Court to toll the statute of limitations, but Plaintiff did not respond to the Court's Order to Show Cause and the Court has no factual basis to evaluate their potential applicability to this case.  Nor does the Court plainly observe any basis for tolling in the Complaint. (*See id*. at 1–11.)  Accordingly, Plaintiff's federal claims remain time barred, and the Court will dismiss those claims with prejudice.

Finally, as no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, including any asserted negligence

claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).  An appropriate Order follows.

Dated:  December 15, 2023

                                                /s/ Christine P. O'Hearn
                                                **Christine P. O'Hearn**
                                                **United States District Judge**